NIPPON TRADING CO. *v.* UNITED STATES

No. 5022.—Invoices dated Nagoya, Japan, January 24, 25, 1930.
Certified January 25, 27, 1930.
Entered at San Francisco, Calif., February 11, 17, 1930.
Entry Nos. 15589, 15865.

(Decided October 10, 1940)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

DALLINGER, Judge: These appeals to reappraisement involve the question of the dutiable value of. certain decorated chinaware and

earthenware imported from Japan and entered at the port of San Francisco, Calif. The specific question at issue is whether or not an item of 10 per centum alleged to be a buying commission properly constitutes a part of said dutiable value.

The plaintiff offered in evidence an affidavit of one Kojiro Kato, which was admitted and marked Exhibit 1. It appears therefrom that the affiant was employed by Nippon Boyeki Shokai of Nagoya, Japan, the exporter of said merchandise, and that he had purchased and arranged for the shipment thereof. Affiant further states:

That in arranging for the purchase and shipment of the above-described merchandise Nippon Boyeki Shokai acted only as agent of Nippon Trading Co., and the only things done by Nippon Boyeki Shokai in these transactions were the purchase and shipment of the articles. No process of manufacture or any similar work was performed or supervised by Nippon Boyeki Shokai, and the articles were shipped in exactly the same condition as when purchased.

The Government offered in evidence a letter, in the nature of a special report, dated Kobe, Japan, December 17, 1929, purporting to be signed by Martin G. Scott, customs attaché, and addressed to the Commissioner of Customs, Division of Special Agents, Treasury Department, Washington, D. C., which letter or report was admitted at the hearing as Exhibit 2.

Section 501 of the Tariff Act of 1930 provides that—

* * * Copies of official documents when certified by an official duly authorized by the Secretary of the Treasury, may be admitted in evidence with the same force and effect as original documents. * * *

It appears that said letter or report was not so certified. After objecting to its relevancy, counsel for the plaintiff stated that "so far as its certification is concerned * * * we waive the requirements that a document of this nature be certified."

In *United States* v. *Elliot, Greene & Co., et al.*, C. A. D. 141, our appellate court said:

* * * The Government offered in evidence two documents, as reports of the Treasury representative in Vienna, Austria. They were received as Exhibits 1 and 2, respectively, over objections raised only as to the relevancy of their contents. * * *

* * * * * * *

The appellate division noted that Exhibit 1 was a photostatic copy of a report and Exhibit 2 was a carbon copy of another report which purported to bear the signature of the Treasury representative. For the reason that neither of the exhibits had been certified in accordance with section 501 of the Tariff Act of 1930 and T. D. 40515, the appellate division held that the admission of the reports by the trial court was error and excluded them from the record. * * *

* * * * * * *

In its judgment the appellate division settled, as far as it was concerned, the law of the case, which was that the said reports could not, under the circumstances shown, be considered in arriving at the dutiable value of the merchandise. * * *

Also, in *F. W. Myers & Co., Inc., et al.* v. *United States*, Reap. Dec. 4441, this court said:

\* \* \* in view of the complete lack of proof that the carbon copy of said report of April 29, 1935, is in fact a duplicate original, and because the same is not certified according to law, we are constrained to hold that both the carbon copy and the photostatic copy appended thereto, together constituting Exhibit 1 and so admitted by the trial judge, are inadmissible as evidence and should be and hereby are excluded.

Under said decisions, therefore, it would appear that the trial judge erred in admitting in evidence Exhibit 2 herein, and I so hold. Nor may this conclusion be changed by the fact that counsel for the plaintiff waived the provisions of the law.

Counsel for defendant also offered in evidence a copy of another report, duly certified, made by Martin G. Scott, which was admitted as Exhibit 3. But this report possesses little or no evidentiary value. For instance, it does not show the relationship between the shipper and the importer.

On the record I find—

1. That the involved merchandise was shipped by Nippon Boyeki Shokai of Nagoya, Japan, to Nippon Trading Co. of San Francisco, Calif.

2. That the shipper acted as the agent for the importer in the purchase and shipment of said merchandise.

3. That the 10 per centum buying commission was a charge for such services and formed no part of the market value of said merchandise.

4. That the export values of said merchandise were the entered values thereof, less 10 per centum buying commission added by the importer on entry because of advances made by the appraiser, and that there was no higher foreign value.

5. That said export values constitute the dutiable value of said merchandise.

Judgment will be rendered accordingly.